[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR MODIFICATION OF SUPPORT (DOCKET ENTRY NO. 113)
This matter is before the court on a Motion for Modification of Support (docket entry #113). The motion was filed by the plaintiff.
Both parties submitted Financial Affidavits and Child Support Guidelines Worksheets.
The parties disagree as to the appropriate method for applying the Child Support Guidelines. The plaintiff takes the position that whatever he reports on his affidavit is controlling. This position seems to extend to allowing the plaintiff to benefit from his own over withholding, if any. CT Page 2938-i
The court rejects plaintiff's position. The Guidelines booklet provides the definition to be used for defining income.
 "One public commenter suggested that actual tax liability
(emphasis added) should be considered in determining income for child support purposes. The commission agreed. . ."
 Child Support and Arrearage Guidelines § (f)(2)(A), Page vi. (8/1/99).
Thus, support is ordered in accord with the attached worksheet. This order is effective August 19, 1999.
BRENNAN, J.
 STATE OF CONNECTICUT COMMISSION FOR CHILD SUPPORT GUIDELINES WORKSHEET for the Connecticut Child Support and Arrearage Guidelines
CT Page 2938-j
Mother Father Custodian Linda Castelot Lawrence Castelot [x] MOTHER [ ] FATHER
OTHER CUSTODIAN COURT SUPERIOR COURT D.N. Case No. FA90 273554 Number of Children 3
 Name of Child Date of Birth Name of Child Date of Birth Lawrence 7/31/82 Michael 3/9/84 Eric 2/5/88
 I NET INCOME (Weekly amounts) Linda Lawrence
1. Gross income (attach verification) $846 $1,896 2. Federal income tax (allowable exemptions, deductions 102 396 credits) CT Page 2938-k 2a. Eliminate refundable earned income credit of line 2 0 0 3. State and local income tax (allowable exempt, 19 82 deductions, cr) 4. Social Security tax 52 87 4a. Mandatory retirement 0 0 5. Medicare tax 12 28 6. Health insurance premiums (other than child) 0 0 7. Mandatory union dues or fees 0 0 8. Non-arrearage payments — court ordered alimony child 0 0 support 9. Imputed support obligation for qualified child (Current spt all children/total children x # qualified children) 10. Sum of lines 2-9 $185 $593 11. Net Income (line 1 minus line 10) $661 $1,303
 II. CURRENT SUPPORT
CT Page 2938-l
12. Combined net weekly income (rounded to nearest $10) $1,960
13. Basic child support obligation (from schedule) $577
14. Check here if noncustodial parent is a low-income obligor 15. Child's health insurance premium $0 $0 16. Total current spt obligation (line 13 minus $577 noncustodial parent's line 15 amount if line 14 is checked-line 13 + line 15 total for all other cases) 17. Each parent's share of line 12 (If line 14 is checked, 33.52% 66.48% skip this line and line 19, and enter the line 16 amount in the noncustodial parent's column on line 18) 18. Each parent's share of the total current support $193 $384 obligation (line 17 times line 16 for each parent) 19. Health insurance premium adjustment $0 20. Social Security dependency benefits adjustment $0 21. Sum of lines 19 and 20 (for each parent) $0 CT Page 2938-m 22. Presumptive current support amounts $384 23. Recommended current support order (Noncustodial parent $384
only. If different from line 22 amount, explain on line 47)
D.N. Case No. FA90 273554 Castelot Linda Lawrence
III UNREIMBURSED MEDICAL EXPENSE $0 $0
24. Net disposable income (line 11 plus line 23 for $1,045 $919
custodal parent; line 11 minus line 23 for noncustodial) 25. Each parent's share of combined net disposable 53.21% 46.79% income (each parent's line 24 divided by sum of line 24 divided by sum of line 24 amounts)
IV. CHILD CARE CONTRIBUTION
CT Page 2938-n 26. Qualifying costs (enter contribution amount on $0 $0 line 43)
V. ARREARAGE
27. Delinquencies on current support orders $0 28. Unpaid court-ordered arrearages $0 29. Support due for periods prior to support action (not 0 court-ordered) 30. Total arrearages $0
VI. ARREARAGE PAYMENT
31. Current support order from line 23 (or imputed support $0 obligation so if there is no current support order or child is living with the obligor) 32. 20% of line 31 $0 — (if line 14 is checked, skip line 32 and go to line 37) — (if the child for whom the arrearage is owed is deceased, emancipated, or over 18, skip line 32 and go to line 39) — (if the child is living with the obligor, skip lines 33-39 and: (1) if the obligor's gross income is not more than 250% of poverty level enter $1 on line 40; OR (2) if the obligor's gross income is greater than 250% of poverty level, enter line 32 amount on line 40) CT Page 2938-o 33. Obligor's line 11 amount $0 34. 55% of line 33 0 35. Line 34 minus line 31 0 36. Lesser of line 32 or line 35 (Enter here and on line 0 40 and skip lines 37-39) 37. 10% of line 31 0 38. Greater of line 37 or $1 (Enter here and on line 40) 0 39. 50% of line 31 (Enter here and on line 40) 0 40. Recommended arrearage payment $0 (If different from line 45, explain on line 47)
VII. ORDER SUMMARY
41. Current support order $384 42. Unreimbursed medical expense order $0 43. Child care contribution $0 CT Page 2938-p To State To Family 44. Total arrearage $0 $0 45. Arrearage payment order so $0 $0 46. Total child support award: $384
 VIII. DEVIATION CRITERIA
47. Reasons for deviation from presumptive support amounts and/or arrearage guideline:
Prepared By Title of Preparer Date Prepared Daniel E. Brennan, Jr. Judge 2/17/2000